# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv48

| | |
|---|---|
| KENT STAHLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| CTS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 10]. Plaintiff brought this action against Defendant asserting a single negligence claim based on Defendant's alleged failure to properly dispose of toxic chemicals. Defendant contends that the Complaint is subject to dismissal pursuant to the applicable ten year statute of repose. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10].

## I.  Background

Defendant is a Delaware corporation that was licensed to do business in North Carolina. (Pls.' Compl. ¶ 2.) CTS of Asheville, Inc. ("CTS of Asheville") operated a manufacturing facility on Mills Gap Road in Asheville, North Carolina

from 1959 to 1983. (Pls.' Compl. ¶¶ 2, 6, 9.) As part of the manufacturing process, CTS of Asheville used various toxic solvents. (Id. ¶¶ 9-10.) CTS of Asheville dumped large quantities of these contaminants and pollutants onto its property and into Dingle Creek. (Id. ¶¶ 11-12.)

Plaintiff is a North Carolina resident who lived at 65 Mills Gap Road with his family from 1959 to 1968. (Id. ¶¶ 1, 13.) Plaintiff's father built a pond on the property in 1960, which was fed by Dingle Creek. (Id. ¶ 15.) While living on the property, Plaintiff was exposed to the contaminated water in Dingle Creek and consumed fish from the pond. (Id. ¶ 16.) As a result of Plaintiff's exposure to these pollutants and contaminants, Plaintiff developed Chronic Myelogenous Leukemia. (Id. ¶ 22.)

Subsequently, Plaintiff brought this action against Defendant asserting a single claim of negligence. Defendant moved to dismiss the Complaint on the ground that the claim is barred by the ten year statute of repose. The District Court referred the motion to this Court. Accordingly, the motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th

Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

The issue of whether the statue of repose contained in N.C. Gen. Stat. § 1-52(16) acts as a bar to claims arising out of the contamination at the CTS of Asheville manufacturing facility is not a new one to this Court. Previously, this Court found that the statute of repose contained in Section 1-52(16) was not preempted by the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") and that the applicable statute of repose barred plaintiffs' claims against Defendant CTS Corporation. Waldburger v. CTS Corp., 2011 WL 7153937, at *3-4 (W.D.N.C. Oct. 4, 2011) (Howell, Mag. J.). The United States Court of Appeals for the Fourth Circuit, however, reversed, finding that CERCLA preempts North Carolina's statute of repose. Waldburger v. CTS

Corp., 723 F.3d 434, 445 (4th Cir. 2013). The United States Supreme Court granted certiorari, reversed the decision of the Fourth Circuit, and held that CERCLA's discovery rule only preempts state statute of limitations, not statutes of repose. CTS Corp. v. Waldburger, __ U.S. __, 134 S. Ct. 2175, 2188-89 (2014).

Shortly after the Supreme Court issued its decision in Waldburger, North Carolina amended Section 1-52(16) and added a new section to the North Carolina General Statutes, Section 130A-26.3. This new section provides that:

> The 10-year period set forth in G.S. 1-52(16) shall not be construed to bar an action for personal injury, or property damages caused or contributed to by groundwater contaminated by a hazardous substance, pollutant, or contaminant, including personal injury or property damages resulting from the consumption, exposure, or use of water supplied from groundwater contaminated by a hazardous substance, pollutant, or contaminant.

N.C. Gen. Stat. § 130A-26.3. Plaintiff contends that his claim is not barred by the statute of repose in this case as a result of the amendment to Section 1-52(16) and the enactment of Section 130A-26.3. In addition, Plaintiff contends that Section 1-52(16) does not apply to cases involving latent disease.

The United States Court of Appeals for the Eleventh Circuit recently addressed both of these issues in Bryant v. U.S., __ F.3d __, 2014 WL 5137573 (11th Cir. 2014). In Bryant, the Eleventh Circuit held that Section 1-52(16) did not contain an exception for latent diseases and that the groundwater contamination

amendment was a substantive amendment to the statute of repose and, thus, could only apply prospectively. Bryant, 2014 WL 5137573, at *4. Upon a thorough review of the relevant legal authority, the Court agrees with and adopts the reasoning of the Eleventh Circuit in Bryant. The Court finds that the unambiguous statutory text of Section 1-52(16) does not contain an exception for latent diseases and that the changes to the statute or repose enacted by North Carolina are substantive changes that can only apply prospectively.[1] Bryant, 2014 WL 5137573, at *1, 4. Accordingly, the Court adopts the reasoning set forth in Bryant and finds that Plaintiff's claim is barred by the ten year statute of repose. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10].

**IV.     Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 10].

Signed: October 29, 2014

Dennis L. Howell
United States Magistrate Judge

---

1  The Court recognizes that in its decision in Waldburger the Court cited the decision in Jones v. U.S., 751 F. Supp. 2d 835 (E.D.N.C. 2010), for the proposition that the statute of repose would likely not apply to a latent disease that later developed as a result of exposure to toxic chemicals in drinking water. See Waldburger, 2011 WL 7153937, at *3 n.1. The Court's statement, however, was dicta; the issue of whether Section 1-52(16) exempts latent disease was not before the Court.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).