UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00048-MOC-DLH

| | | |
|---|---|---|
| **KENT STAHLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CTS CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and
Recommendation issued in this matter. In the Memorandum and Recommendation, the
magistrate judge advised the parties of the right to file objections within 14 days, all in
accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been
filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court
shall make a *de novo* determination of those portions of the report or specific proposed
findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby
v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal
issues are raised and no factual issues are challenged, *de novo* review of the record may
be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de
novo* review is not required by the statute "when a party makes general or conclusory
objections that do not direct the court to a specific error in the magistrate judge's
proposed findings and recommendations." Id. Moreover, the statute does not on its face

require any review at all of issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, the plaintiff's objections are to strictly *legal* conclusions of the magistrate judge, <u>Orpiano</u>, <u>supra</u>, as plaintiff takes issue with Judge Howell's conclusion that there is no "latent disease" exception to North Carolina's ten-year statute of repose provided in N.C.Gen.Stat. § 1-52(16) and that North Carolina's post-<u>Waldberg</u> amendment to § 1-52(16) is a substantive change in law that cannot be applied retroactively. Because plaintiff objections are to legal conclusions, *de novo* review is not appropriate and the court considers whether such recommendation is clearly erroneous or contrary to law.

After such review, the court determines that the recommendation of the magistrate judge is not clearly erroneous or contrary to law, but is fully consistent with and supported by current law. As do most courts, this court disfavors dismissal of matters that avoid reaching the merits. However, the legal gymnastics plaintiff suggests in his original Response to the Motion to Dismiss and then reasserts in his Objections, aimed at getting around the time-bar imposed by § 1-52(16), would require this court to engage in results-oriented decisionmaking and ignore well settled rules of statutory construction, avoid clearly established decisions of the courts of North Carolina, and not take into the balance a well-reasoned opinion of the Eleventh Circuit which is directly on point.

While nothing would please this court more than to have a jury decide whether this plaintiff's serious illness was caused by exposure to chemicals allegedly dumped on

2

to the land of South Buncombe County by this defendant, to do so would require the court to ignore the fact that the changes made to § 1-52(16) were substantive as a matter of well settled law, McCrater v. Stone & Webster Engineering Corp., 248 N.C. 707, 709-710 (1958) (holding that the statute could not apply retroactively because the limitation period was "a part of the plaintiff's substantive right of recovery, [and] could not be enlarged by subsequent statute."), in despite plaintiff's argument that the legislature classified them as clarifying. Indeed, the North Carolina Supreme Court has long held that "[a] right or remedy, once barred by a statute of limitations, may not be revived by an Act of the General Assembly," Waldrop v. Hodges, 230 N.C. 370, 373 (1949), because that legislative act would "take[] away vested rights of defendants." Wilkes Cnty. v. Forester, 204 N.C. 163, 170 (1933).

Further, Judge Howell's recommendation is fully consistent with a recent decision of the Eleventh Circuit, which held that North Carolina's amended § 1-52(16) did not contain an exception for latent diseases and that the groundwater contamination amendment was a substantive amendment to the statute of repose. Bryant v. United States, __ F.3d__, 2014 WL 5137573 (11th Cir. 2014) (considering latent disease and exposure to contaminated ground water while stationed at Camp Lejeune). While that decision is only persuasive in the Fourth Circuit, the court finds it to be highly persuasive as it provides a thorough examination of North Carolina law.

Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#19) are **OVERRULED**, the Memorandum and Recommendation (#18) is **AFFIRMED,** defendant's Motion to Dismiss (11) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter Judgment consistent with this Order.

Signed: December 4, 2014

Max O. Cogburn Jr.
United States District Judge