IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CV 48

| | |
|---|---|
| **KENT STAHLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| **v** ) | |
| ) | |
| **CTS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the undersigned upon a review of the file in this matter. The record shows that the United States Court of Appeals for the Fourth Circuit issued an Order that was filed on March 2, 2016 (#26) reversing the Order of the District Court dismissing this action and remanding this matter back for further proceedings. The mandate of the United States Court of Appeals for the Fourth Circuit was filed on July 6, 2016. Since that time, there has been no further filings in regard to this matter. LCvR 16.1(A) and (B) provides as follows:

> **(A) Initial Attorney's Conference.** As soon as is practicable**,** and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P.26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction. See LCvR 73.1(C). Where the parties believe that the filing of an amended complaint or other amended initial pleading justifies changes to the Scheduling Order, the parties shall conduct a supplemental attorney's

1

conference and file an appropriate motion with the court.

LCvR 16.1 (B) further states:

**(B)  Deadline for Filing the Certification of Initial Attorney's Conference.** Within **seven (7)** days of the IAC, the parties shall complete and file the Certification of Initial Attorney's Conference ("CIAC"), which shall include a proposed discovery plan. The CIAC shall serve as a guideline for the Court in issuing a Scheduling Order as provided by Fed. R. Civ. P. 16(b). If the parties choose to stipulate out of, or object to, the mandatory initial disclosure procedure required by Fed. R. Civ. P. 26(a)(1), they must so indicate in the discovery plan.

LCvR 7.1(D)

**(D)  Joinder of the Issues.** For the limited purpose of these Local Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless otherwise ordered by the Court.

Due to the fact that the parties have failed to comply with the above referenced rules, the Court will now enter the following Order. The Court directs and orders the parties to conduct an Initial Attorney's Conference within **(7) seven days** of the date of the filing of this Order and to file a Certification and Report of Initial Attorney's Conference within **(14) fourteen days** of the filing of this Order.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the parties conduct an Initial Attorney's Conference not later than **September 8, 2016** and further, the parties shall file a Certification and Report of Initial Attorney's Conference on or before **September 15, 2016.**

Signed: September 1, 2016

Dennis L. Howell
United States Magistrate Judge